UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WELLS FARGO BANK, N.A., as Trustee for
the Holders of Bank of America Commercial
Mortgage Inc. Commercial Mortgage Pass-
Through Certificates, Series 2004-4, by and
through its special servicer, ORIX CAPITAL
MARKETS, LLC,

                                    Plaintiff,

v.                                              C.A.. No. 10-

BERNARD WASSERMAN; DAVID WASSERMAN;    **CA 10- 061**
and RICHARD WASSERMAN,

                                    Defendants.

## COMPLAINT

Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Holders of Bank of America Commercial Mortgage Inc. Commercial Mortgage Pass-Through Certificates, Series 2004-4 by and through its special servicer, ORIX Capital Markets, LLC (the "Trustee") brings this Complaint against Bernard Wasserman, David Wasserman, and Richard Wasserman, for monetary and punitive damages.

### Introduction

This suit seeks a full recourse deficiency judgment against Borrower Principals Bernard Wasserman, Richard Wasserman, and David Wasserman (collectively "Borrower Principals") for their willful and deliberate violations of the recourse guaranty provisions of a Loan Agreement that their company, WREC Precision Park LLC ("WREC"), entered into with Trustee's predecessor. WREC ultimately defaulted on a related Promissory Note in the principal amount of $21,500,000.00, secured by a Mortgage on realty located at 200 Frenchtown Road,

North Kingstown, Rhode Island, known as Precision Park (the "Property"). The Trustee consequently placed WREC into state court receivership.

The loan documents provide that the debt is generally non-recourse to the Borrower and Borrower Principals. However, the loan documents provide for either full recourse or limited (to the extent of the loss of the Trustee) recourse for the Borrower and Borrower Principals in the event that certain acts or events occur. These events are generally referred to as "recourse carve-outs" to the otherwise non-recourse nature of the indebtedness. A number of recourse carve-outs have occurred in connection with this loan.

After WREC's insolvency, WREC made a series of fraudulent transfers from March through December 2008 totaling approximately $600,000.00 to insiders and related entities, including the Borrower Principals, Bernard's wife Ina Wasserman, and closely held Wasserman companies. Those transfers render the Borrower Principals personally liable for all amounts due under the Note, Mortgage and Loan Agreement.

The Borrower Principals are personally liable for the full recourse amounts as a result of "prohibited transfers" of the legal and beneficial interest in the Property without the Trustee's approval. Three members of WREC, including Bernard Wasserman, pledged their respective rights to distributions from WREC related to the sale of the Property to Bank of America through a "Pledge and Collateral Assignment of Proceeds" dated August 29, 2008, as additional security for a Forbearance Agreement regarding an unrelated defaulted $5,000,000 Promissory Note between borrowers Bernard Wasserman and Wasserman Management Company and lender Bank of America. WREC also impermissibly transferred its RIPDES (Rhode Island Pollutant Discharge Elimination System) permit, also part of the Trustee's collateral, to Wasserman RE Ventures LLC. These prohibited transfers are *per se* violations of the Loan Agreement that trigger the full recourse liability of the Borrower Principals.

Additionally, the Borrower Principals are personally liable for damages that Trustee suffered as a result of the commission of waste at the Property. WREC and its principals failed to conduct regular preventative maintenance or make timely repairs to critical systems and equipment – while transferring $600,000 from WREC to themselves and their relatives and companies. Those failures led to additional significant damage to the Property, including substantial water infiltration that damaged ceilings, walls and floors, and resulted in pervasive mold contamination. The waste has resulted in over $5,000,000.00 in damages.

## Parties

1. Wells Fargo is a national bank that is a citizen of South Dakota.

2. Defendant Bernard Wasserman is a citizen of Florida.

3. Defendant David Wasserman is a citizen of Rhode Island.

4. Defendant Richard Wasserman is a citizen of Rhode Island.

## Jurisdiction and Venue

5. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because this lawsuit involves citizens of different states with an amount of controversy which exceeds $75,000, exclusive of interests and costs.

6. Venue in this district is proper in accordance with 28 U.S.C. §§ 1391(a) and 1391(c).

## Facts

a. **The Loan**

7. Trustee is the assignee and current holder of a Promissory Note in the principal amount of $21,500,000.00 (the "Note") secured by a Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated August 26, 2003 (the "Mortgage") from WREC to Bank of America, N.A. relative to realty located at 200 Frenchtown Road, North Kingstown,

Rhode Island, known as Precision Park (the "Property"). The Mortgage is recorded in the Town of North Kingstown Land Evidence Records Book 1745, Page 275. A true and accurate copy of the Note is attached hereto as <u>Exhibit A</u>; a true and accurate copy of the Mortgage is attached hereto as <u>Exhibit B</u>.

8. A Loan Agreement dated August 26, 2003 between WREC and Bank of America, along with the Note and Mortgage, governs the duties and obligations of the parties and contains carve-out recourse provisions regarding WREC and its Borrower Principals. Defendants Bernard Wasserman, David Wasserman, and Richard Wasserman executed the Loan Agreement as WREC's Borrower Principals. A true and accurate copy of the Loan Agreement is attached hereto as <u>Exhibit C</u>.

9. Bank of America assigned the Note, Mortgage, and all related loan documents to LaSalle Bank, N.A., as Trustee for the Holders of Bank of America Commercial Mortgage Inc. Commercial Mortgage Pass-Through Certificates, Series 2004-4 ("LaSalle"), by Assignment dated September 10, 2004, and recorded on February 8, 2005 in the Town of North Kingstown Land Evidence Records Book 1959, Page 306 (the "First Assignment"). A true and accurate copy of the First Assignment is attached hereto as <u>Exhibit D</u>.

10. LaSalle thereafter assigned the Note, Mortgage, and all related loan documents to the Trustee by Assignment dated January 2, 2008, and recorded on January 22, 2008 in the Town of North Kingstown Land Evidence Records Book 2277, Page 197 (the "Second Assignment"). A true and accurate copy of the Second Assignment is attached hereto as <u>Exhibit E</u>.

**b.  The Default and Receivership**

11. WREC defaulted with regard to the Note, Mortgage and Loan Agreement by failing to make monthly payments since August 1, 2008. The indebtedness was accelerated and declared fully due and payable in accordance with the terms of the loan documents.

12. On December 23, 2008, the Trustee filed a Petition for Appointment of a Receiver for WREC. The Rhode Island Superior Court appointed Peter J. Furness, Esq. as Temporary Receiver of WREC on December 24, 2008, and Permanent Receiver on January 23, 2009.

13. The Receiver ultimately sold the Property through a receivership sale on December 18, 2009. The Trustee was the successful bidder at the receivership sale through a credit bid of $10,000,000.00.

14. As of February 12, 2010, the deficiency on the Note, Mortgage and Loan Agreement was no less than $16,866,420.98. In addition, amounts due include, *inter alia*, receivership fees, and the Trustee's attorneys and other professional fees. All of the foregoing continues to accrue.

c.  **Recourse Liability of Borrower Principals**

15. Section 15.1(c) provides the circumstances whereby the Borrower Principals become fully liable for all amounts due on the Note, Mortgage and Loan Agreement:

> Notwithstanding the foregoing, the agreement of Lender not to pursue recourse liability as set forth in subsection (a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect and the Debt shall immediately become fully recourse to Borrower and Borrower Principal, jointly and severally, in the event of ... a default by Borrower [or] Borrower Principal ... of any covenants set forth in Article 6 or Article 7 hereof ....

16. Article 7 of the Loan Agreement prohibits "restricted parties" – defined, *inter alia*, as Borrower Principals or any shareholder or member of the Borrower – from a making a "prohibited transfer" without lender approval. Those transfers include transfers, whether for consideration or not, of any legal or beneficial interest in the Property, including permits or licenses. (*See* Mortgage, § 1.1(k); Loan Agreement, § 1.1). In the case of a limited liability company, like WREC, Article 7's prohibitions also reach the pledge of a membership interest of

any member in the Borrower or "any profits or proceeds relating to such membership interest ...." (Loan Agreement, § 7.2(b)(v)).

17. Section 15.1(b) of the Loan Agreement contains certain limited recourse triggers for which the Borrower and Borrower Principals are personally liable, to the extent of loss or damage to the Trustee, *inter alia*:

(a) misapplication and/or misappropriation of rents (15.1(b)(ii));

(b) failure to pay taxes or charges for labor and materials (15.1(b)(v));

(c) actual waste (15(b)(vii)); and

(d) Borrower's gross negligence or willful misconduct (15(b)(ix)).

**d.   Violations of the Loan Agreement**

**i.   Prohibited Payments/ Transfers**

18. WREC's willful and reckless transfer with malice and in bad faith of approximately $600,000 without any connection to obligations related to the Property, as detailed in the following table, to insiders is a direct violation of Section 7 of the Loan Agreement, triggering full recourse liability. Specifically, these payments were derived from the rental income that the Property generated. That rental income forms part of the Property, as defined by the Section 1.1(f) of the Mortgage, and so is collateral for the Note. The transfer of those rents in the form of insider payments is consequently a "prohibited transfer" under Section 7 that triggers full recourse liability under Section 15.1(c).

| Date | Check Number | Paid To | Amount ($) |
|---|---|---|---|
| 03/04/08 | 1377 | Wasserman Properties | 40,000.00 |
| 03/05/08 | 1381 | Wasserman Properties | 8,519.64 |
| 04/04/08 | 1390 | Wasserman, Bernard | 25,000.00 |
| 04/09/08 | 1396 | Wasserman Properties | 19,875.94 |
| 04/18/08 | 1399 | Wasserman Properties | 20,000.00 |
| 04/23/08 | 1400 | Wasserman Holdings | 6,800.00 |
| 04/23/08 | 1401 | Wasserman Properties | 17,656.87 |

| Date | Check # | Payee | Amount |
|---|---|---|---|
| 04/30/08 | 1408 | Wasserman Properties | 6,371.85 |
| 09/08/08 | 1483 | Wasserman, Bernard | 30,000.00 |
| 09/08/08 | 1484 | Starwood Wasserman Pasadena | 43,000.00 |
| 10/03/08 | 1512 | Wasserman, Bernard | 18,700.00 |
| 10/08/08 | 1515 | Wasserman, David | 20,000.00 |
| 10/08/08 | 1516 | Wasserman, Ina | 20,000.00 |
| 10/08/08 | 1517 | Wasserman, Richard | 20,000.00 |
| 10/08/08 | 1518 | Wasserman Properties | 20,000.00 |
| 10/15/08 | 1522 | Wasserman, Ina | 40,000.00 |
| 10/27/08 | 1524 | Wasserman, Ina | 20,000.00 |
| 11/03/08 | 1525 | Wasserman, Ina | 70,000.00 |
| 11/10/08 | 1527 | Wasserman Properties | 50,000.00 |
| 11/10/08 | 1528 | Wasserman Properties | 2,500.00 |
| 11/13/08 | 1529 | Wasserman, Bernard | 4,000.00 |
| 11/13/08 | 1533 | Wasserman, Bernard | 40,000.00 |
| 11/17/08 | 1536 | Wasserman, Ina | 7,000.00 |
| 12/01/08 | 1540 | Wasserman, Ina | 10,000.00 |
| 12/03/08 | 1543 | Wasserman Properties | 52,000.00 |
| 12/08/08 | 1546 | Wasserman Properties | 10,000.00 |
| 12/22/08 | 1554 | Wasserman Properties | 8,000.00 |

19. These transfers also constitute misappropriation of rent and the willful and reckless misconduct with malice and in bad faith, particularly where Borrower's license to rents is revoked automatically upon default, (*see* Mortgage, §§ 1.1(f) & 8.1(h)), so that Borrower Principals are personally liable, pursuant to Section 15.1(b) of the Loan Agreement, for all amounts that WREC illegally transferred.

20. Of the persons and entities receiving fraudulent transfers, Ina Wasserman is Bernard Wasserman's wife and had nothing to do with the operation of WREC or the Property; Wasserman Holdings LLC is a Delaware limited liability company that the Wasserman family controls that is unrelated to WREC or the Property; and Starwood Wasserman Pasadena is a Delaware corporation that formerly held and/or operated certain realty that the Wasserman family owned in California unrelated to WREC and/or the Property.

21. Wasserman Properties was the property manager for the Property and was paid a percentage of gross revenue from the Property on a monthly basis for those services. The

fraudulent transfers to Wasserman Properties listed above are unrelated to its management of the Property.

22.  The fraudulent transfers to the Borrower Principals are also unrelated to any legitimate expense relative to the Property, and were a direct, illegal diversion of income that the Property generated at the expense of the Trustee.

### ii.  Other Prohibited Transfer of Assets

23.  Three members of WREC, specifically Bernard Wasserman, DDW Precision Park Holdings LLC and RNW Precision Park Holdings, transferred their respective rights to distributions from WREC related to the sale of the Property to Bank of America through a "Pledge and Collateral Assignment of Proceeds" dated August 29, 2008, as additional security for a Forbearance Agreement regarding a defaulted $5,000,000 Promissory Note between borrowers Bernard Wasserman and Wasserman Management Company and lender Bank of America. True and accurate copies of those Pledges are attached hereto as <u>Exhibit F</u>.

24.  The Pledges referenced in Paragraph 25, above, are *per se* violations of Section 7.2 of the Loan Agreement, which prohibits any Borrower Principal or member of the Borrower from making a "Pledge of the membership interest … or any profits or proceeds relating to such membership interest …." (§ 7.2(b)(v)). This violation of Article 7 is, in turn, a violation of Section 15.1(c) and triggers full recourse liability of the Borrower Principals as to the amounts due on the Note, Mortgage and Loan Agreement.

25.  WREC also violated Article 7 of the Loan Agreement by transferring its RIPDES (Rhode Island Pollutant Discharge Elimination System) permit to Wasserman RE Ventures LLC. The Receiver managed to secure the return of the RIPDES license back to WREC. However, permits and licenses form part of the Property that serves as collateral for the Note pursuant to Section 1.1(k) of the Mortgage, so that the transfer violates Article 7, which triggers full recourse

liability of the Borrower Principals under Section 15.1(c), notwithstanding the later action of the Receiver.

### iii. Waste

26. WREC's commission of waste is manifest. The Property has suffered over $5,000,000.00 of damage as a result of WREC's failure to conduct routine maintenance and make timely repairs. Of most significance, WREC failed to address the pervasive failure of the roofing system, leading to extensive water infiltration and mold damage throughout the property.

27. Borrower Principals are personally liable for all damage that WREC's waste caused to the Property and to the Trustee pursuant to Section 15.1(b)(vii) of the Loan Agreement.

### iv. Failure to Pay Taxes and Contractors

28. WREC failed to pay pre-receivership property taxes to the Town of North Kingstown and failed to pay certain contractors for work performed on the Property, resulting in claims against the Receiver. Unpaid taxes total $165,751.36 and contractor claims allegedly total $185,000.00. WREC's failure to make these payments triggers personal liability on the part of Borrower Principals pursuant to Section 15.1(b)(v) of the Loan Agreement.

### Count I
### (Breach of Contract – Full Recourse)

29. Trustee realleges paragraphs 1-28 above.

30. WREC and Borrower Principals have breached the Loan Agreement under circumstances whereby Borrower Principals are liable for full recourse amounts due under the Note, Mortgage and Loan Agreement.

31. Trustee has suffered and continues to suffer damages as a direct and proximate cause of this breach.

## Count II
### (Breach of Contract – Limited Recourse)

32. Trustee realleges paragraphs 1-31 above.

33. WREC and Borrower Principals have breached the Loan Agreement under circumstances whereby Borrower Principals are liable for the loss and damage their actions caused.

34. Trustee has suffered and continues to suffer damages as a direct and proximate cause of this breach.

### Attorney's Fees and Post-Judgment Interest

35. The Trustee has incurred and will incur attorney's fees in this action and as a result of WREC and the Borrower Principals. The Trustee is entitled to recover all such attorney's fees and expenses pursuant to, *inter alia*, Section 20.4 of the Loan Agreement.

36. The loan documents provide that interest shall accrue at the rate of 10.31% following an event of default. The Trustee is entitled to recover at the default interest rate until the entirety of the debt has been paid pursuant to, *inter alia*, Article IV of the Note.

WHEREFORE, the Trustee respectfully requests that this Court:

(a) Enter judgment in Trustee's favor for its actual, compensatory and consequential damages, along with pre- and post-judgment interest, reasonable attorneys' fees and costs, jointly and severally against Bernard Wasserman, David Wasserman and Richard Wasserman;

(b) Punitive damages against all defendants, jointly and severally;

(c) Award such other relief as the Court deems just and proper.

WELLS FARGO BANK, N.A.,
as Trustee for the Holders of Bank of America
Commercial Mortgage Inc. Commercial
Mortgage Pass-Through Certificates, Series
2004-4, by and through its special servicer,
ORIX Capital Markets, LLC,

By its attorney,

*/s/ Armando E. Batastini*
Armando E. Batastini (# 6016)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel:   (401) 454-1000
Fax:  (401) 454-1030
abatastini@nixonpeabody.com

Dated: February 17, 2010

Of Counsel:

Jeff Joyce
Joyce, McFarland + McFarland LLP
910 Louisiana Street, Suite 5000
Houston, TX 77002
Tel:  (713) 222-1113
Fax: (713) 513-5577
jjoyce@jmmllp.com

12888673.1

11